UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID HARVIN,<br>    *Petitioner,*<br>    *v.*<br>UNITED STATES OF AMERICA,<br>    *Respondent.* | Civil No. 3:13-cv-1720 (JBA)<br><br>April 16, 2015 |

**RULING ON PETITIONER'S MOTION UNDER § 2255**

On March 8, 2010, Petitioner David Harvin pled guilty to conspiracy to steal firearms from a federally licensed firearm dealer, theft of firearms from a federally licensed firearm dealer, and felon in possession of a firearm. On May 28, 2010, this Court sentenced Mr. Harvin to 110 months in prison. Mr. Harvin appealed the Court's judgment to the Second Circuit, but the judgment was affirmed. *See United States v. Stinson*, No. 09cr243, Summary Order, Doc. # 212. Mr. Harvin now moves [Doc. # 1] to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. For the following reasons, his motion is denied.

I.    **Discussion**

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected. 28 U.S.C. § 2255. Section 2255(a) states as the grounds for which relief can be provided: "[T]he sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mr. Harvin alleges

in his § 2255 petition that: (1) his trial counsel was ineffective, in violation of his Sixth Amendment right to counsel, and (2) his appellate counsel was ineffective.

### A. Statute of Limitations

As an initial matter, Mr. Harvin's petition, is as the Government argues, barred by the statute of limitations. Under 28 U.S.C. § 2255(f)(1), "[a] 1-year period of limitation shall apply to a motion under this section," which "shall run from "the date on which the judgment of conviction becomes final." "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Under Supreme Court Rule 13, "a petition for a writ of certiorari [must] be filed within 90 days after the entry of judgment by a court of appeals." *Negron v. United States*, 394 F. App'x 788, 794 n.5 (2d Cir. 2010). That 90-day period runs "from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." S. Ct. R. 13(3). In this case, the Second Circuit entered judgment denying Mr. Harvin's appeal on April 5, 2012, and Mr. Harvin declined to file a petition for a writ of certiorari. As a result, the judgment became final on July 4, 2012, and the statute of limitations for the filing of a § 2255 petition ran on July 4, 2013. Because Mr. Harvin did not file his § 2255 motion until November 18, 2013, his petition is barred by the statute of limitations. Even if Mr. Harvin's petition were not barred by the statute of limitations, however, it fails for lack of demonstrated merit.

### B. Grounds for Relief

A petitioner seeking to bring an ineffective counsel claim must satisfy two prongs: (1) "the defendant must show that counsel's representation fell below an objective

2

standard of reasonableness;" and (2) the defendant must demonstrate that "any deficiencies in counsel's performance [were] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688–91 (1984).  A court assessing such a claim "must be highly deferential" to counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Mr. Harvin alleges that his trial counsel, Donald Cretella, was deficient in: (1) failing to argue an entrapment defense or to offer any defense at all (Mem. Supp. § 2255 Pet. [Doc. # 1] at 2–5); (2) coercing him to plead guilty based on the promise that counsel would present the Court with mitigating factors relating to Mr. Harvin's mental illness (*id.* at 6); and (3) failing to object to the Government's characterization of the offense as the theft of 29 guns rather than 16 (*id.* at 7–8).  Mr. Harvin additionally contends that his appellate counsel was ineffective in failing to "properly raise any procedural and substantive due process claims." (*Id.* at 9.)

  Mr. Harvin's first claim fails because Mr. Cretella did raise a defense.  He argued that the Government had failed to adduce sufficient evidence of Mr. Harvin's involvement in the conspiracy for a reasonable jury to convict him.  *See Stinson*, No. 3:09cr243, Trial Tr. Vol. III, Doc. # 188 at 571.  However, the Court was not persuaded that a reasonable jury would be unable to convict based on the evidence presented against Mr. Harvin.  After the Court denied Mr. Harvin's Rule 29 motion, he changed his plea to guilty.  Even if, for the purposes of argument, Mr. Cretella's decision not to pursue an entrapment defense could be said to fall below an objective standard of reasonableness, Mr. Harvin was not prejudiced by this alleged deficiency because the defense would in all likelihood have failed.  Both of Mr. Harvin's co-defendants raised entrapment defenses

and both defenses failed. Moreover, Mr. Harvin chose not to pursue trial and to change his plea to guilty after the first several days of the trial.

As to Mr. Harvin's second claim, he presents no evidence that his guilty plea was anything but knowing and voluntary. During his Rule 11 hearing, Mr. Harvin affirmatively stated that he was "ready and willing to give up [his] right to complete [his] jury trial and have the jury determine whether the government ha[d] met its burden of proof," *Stinson*, No. 09cr243, Change of Plea Hr'g Tr., Doc. # 189 at 17, that no one had "made any promises to [him] as to what [his] sentence [would] be," *id.* at 22, and that he understood that "[n]o one kn[ew] what [his] sentence [would] be" and it would be the Court that would make that decision, *id.* He further indicated that he had no questions about the rights he was waiving or his right to continue and complete his trial, *id.* at 23, that no one had made "any promises" to him which "in any way influenced [his] decision to change [his] pleas to guilty pleas on the[] three counts without a plea agreement," *id.* at 36, and that he agreed with the Government's summary of his offenses, *id.* at 39. There is thus no evidence that Mr. Cretella coerced Mr. Harvin into entering a guilty plea. Moreover, it is clear from the record that Mr. Cretella did raise mitigating factors during the sentencing, arguing that Mr. Harvin's role in the offenses was minor, *Stinson*, No. 09cr243, Sent. Tr., Doc. # 195 at 16, that criminal history level VI overstated his criminal history, *id.* at 24, and that he grew up without parents or role models, *id.* at 31–32. On the basis of the foregoing, the Court finds that Mr. Harvin's guilty plea was not the result of ineffective assistance of counsel.

Mr. Harvin's final claim with regard to his trial counsel's performance fails for two reasons. First, his counsel did argue at sentencing that he should be sentenced for

offenses relating to 16 guns, not 29 guns. *See id.* at 9. Second, his argument is foreclosed by the Second Circuit's decision on his and his co-defendants' appeal, in which the court explicitly addressed this claim, concluding that the "district court did not abuse its discretion" when it determined that 29 firearms were stolen. *Stinson*, No. 09cr243, Summ. Order at 7.[1]

Finally, Mr. Harvin claims that his appellate counsel was ineffective in failing to address his "procedural and substantive claims on direct appeal." (Mem. Supp. § 2255 Pet. at 9.) Mr. Harvin's appointed appellate counsel, Eileen Shapiro, filed a motion to be relieved as counsel for Mr. Harvin pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that after carefully examining the record in the case, she was unable to find a non-frivolous issue to present to the Court. The Second Circuit's decision to grant that motion and to deny Mr. Harvin's request for appointment of new counsel, *Stinson*, No. 09cr243, Summ. Order at 2 n.1, precludes Mr. Harvin from now arguing that his appellate counsel was ineffective for filing an *Anders* motion. As the Supreme Court in *Anders* held, counsel's obligation to "support h[er] client's appeal to the best of h[er] ability" is satisfied if, "after a conscientious examination" of the record, "counsel finds [the] case to be wholly frivolous," and she advises both her client and the court of that finding and of "anything in the record that might arguably support the appeal." 386 U.S. at 744. The Second Circuit found that Ms. Shapiro met those obligations here, and Mr. Harvin's claim for ineffective assistance is therefore without merit.

---

[1] Mr. Harvin appears to make both an ineffective assistance and due process claim on this ground. To the extent Mr. Harvin makes a due process claim, it is foreclosed for the same reasons his ineffective assistance claim fails.

II.    **Conclusion**

For the foregoing reasons, David Harvin's Petition [Doc. # 1] to Vacate, Set Aside, or Correct a Sentence is DENIED. The Clerk is directed to close this case.

The only remaining issue is whether to issue a Certificate of Appealability ("COA"). Under 28 U.S.C. § 2253(c)(2), "a certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* In order to sustain this burden, Petitioner would have to show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted).

"Where a district court has rejected [a petitioner's] claim[] on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Id.* Here, the Court does not find that reasonable jurists could disagree on whether Mr. Harvin's claims are "adequate to deserve encouragement to proceed further," *Slack*, 579 U.S. at 484, and therefore declines to issue a COA.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of April, 2015.